IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDA JILER,                                       Civ. No. 06-535-HO

        Plaintiff,                         ORDER

   v.

Commissioner of Social Security,

        Defendant.

    Plaintiff filed applications for disability insurance benefits and supplemental security income on October 18, 1995, alleging disability commencing July 1, 1993. In this second district court action related to her applications, plaintiff seeks review of the third and latest decision of an administrative law judge (ALJ) finding her disabled as of May 1, 2000. The Commissioner filed a motion to remand this matter to the ALJ for further proceedings. For the reasons that follow, this matter is remanded to the Commissioner for payment of benefits.

///

Discussion

The Commissioner concedes that the ALJ failed to (1) state reasons to reject the opinions of treating physicians Drs. Kailath and Herman, examining psychiatrist Dr. Greenleaf, examining psychologist Dr. Higgins-Lee, and state agency consulting medical sources, (2) discuss or provide reasons to reject lay witness statements of Robert Adler and Paula Eure, and (3) state sufficient reasons supported by substantial evidence to reject plaintiff's subjective complains. The Commissioner argues that remand is necessary so the ALJ may evaluate the improperly rejected evidence, reconsider whether plaintiff's impairments meet or equal a "listed" impairment, reconsider the assessment of plaintiff's residual functional capacity (RFC), and receive additional vocational evidence in order to determine plaintiff's ability to perform other work.

Further proceedings before the ALJ are unnecessary in this case. When the improperly rejected evidence is credited as true, Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), disability is established as of plaintiff's alleged onset date. Among the limitations documented in the improperly rejected evidence, plaintiff and Dr. Herman reported fatigue, absenteeism, intolerance to low stress jobs, and other functional limitations precluding other work, according to the vocational expert. (Tr. 64-65, 76, 163, 298-303, 485LL). The record is developed. The

2 - ORDER

Commissioner identifies no outstanding disability-related issues that require an ALJ to consider plaintiff's applications a fourth time.

The ALJ found plaintiff last insured on September 30, 1993. Plaintiff points to evidence that she was last insured for disability benefits in December 1998. (Tr. 503). The Commissioner does not address this issue. On remand, the Commissioner shall reconsider plaintiff's date last insured.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Commissioner for payment of benefits.

IT IS SO ORDERED.

DATED this __25th__ day of April, 2007.

                                                 _s/ Michael R. Hogan_
                                               United States District Judge